MOORE, Judge.
In a declaratory judgment action, the appellant, Ryan, sought to have the rights and obligations of the parties to this litigation determined. He appeals the trial court’s orders of dismissal with prejudice in favor of the appellees, the Town of Manalapan (Town) and Palm Beach County (County). The denial of a motion to dismiss filed by the third appellee, Taimo, is not before us.
Although the Town and the County have cross-appealed “... to preserve for appeal consideration the additional grounds upon which it may have been proper to dismiss the complaint,”[1] the main issue before us is whether a public body which acquires an interest in land by means other than eminent domain is bound by private restrictions governing the use of the land. On the authority of Board of Public Instruction v. Town of Bay Harbor I., 81 So.2d 637 (Fla.1955), we answer the question in the negative and affirm the orders dismissing the suit against the Town and the County. Accordingly, it is not necessary for us to consider the propriety of the cross-appeal or the points raised in it.
Assuming the facts alleged in the complaint to be true, as we must, the appellant is the owner, as trustee, of a strip of land consisting of several contiguous lots which comprise approximately 1044 feet of ocean frontage. The strip is bounded on the west by the Intracoastal Waterway (Lake Worth), on the east by the Atlantic Ocean, and is dissected by State Road AIA, which runs north and south. Immediately contiguous to the north is Talmo’s Lot 1 with the same east and west boundaries and 300 feet of ocean frontage. The deed to appellant’s property contains restrictive covenants limiting construction to single family dwellings on lots which have both a minimum of 150 feet of ocean frontage and which extend westerly to the Lake. After these covenants were established, the lot now owned by Taimo was conveyed subject to the same restrictions/
Until May, 1978, the Town had a comprehensive zoning plan which contained virtually the same restrictions. In the spring of 1978, however, Taimo, the Town and the County negotiated a land use plan which affected Talmo’s property for the common benefit of the three parties. The plan provided that the County would release its dedicatory rights to the north 66 feet of Talmo’s property for $70,000 to be paid by the Town and Taimo. Taimo agreed to convey to the County a pedestrian easement over the north 10 feet from AIA to the ocean. He also agreed to convey to the Town a strip of land consisting of a portion of the north 230 feet lying east of AIA and west of a proposed multi-family housing development. This site would be used for a town hall, fire or police station, or other municipal use. The Town agreed to re-zone the eastern half of the north 230 feet to be used by Taimo for multi-family housing and the south 70 feet east of AIA to permit construction of a one-family house.
After the agreement was substantially consummated, the appellant filed suit alleging that the land use plan for Talmo’s property violated the restrictive covenants applicable to it. The appellant contended that each of the following uses constituted a violation:
(1) The use by the County of the north 10 feet for purposes other than single-family dwelling,
*635 (2) The use by Taimo of the eastern portion of the north 230 feet for multifamily housing rather than using the whole property east and west of AIA for singly-family dwelling,
(3) The use by Taimo of the east portion of the south 70 feet for single-family dwelling rather than using the whole property east and west of AIA and observing the 150 feet of ocean frontage requirement, and
(4) The use by the Town of a portion of the property for municipal purposes rather than single-family dwelling.
As stated earlier in this opinion, the sole issue before us is whether a public body which acquires an interest in lands by means other than eminent domain is bound by private restrictions governing the use of the land. Although Board of Public Instruction v. Town of Bay Harbor I., supra, involved land acquired by eminent domain, we see no distinction when the land is acquired by agreement or purchase. In either case the restrictive covenants do not “constitute property in those in whose favor such restrictions exist for which compensation must be made.... ” Id. at 639, and thus, the covenants are not enforceable against the public body. Accordingly, the trial court correctly dismissed the suit as to the public bodies and his orders should be affirmed.
Nevertheless, we consider the difference between acquisition by eminent domain and acquisition by agreement or purchase to warrant consideration of this question by the Supreme Court, and we therefore certify to the Supreme Court the following question as one of great public importance:
DO RESTRICTIVE COVENANTS AFFECTING THE USAGE OF LAND APPLY TO A PUBLIC BODY WHICH ACQUIRES THE LAND BY PURCHASE AS OPPOSED TO ACQUISITION BY EMINENT DOMAIN?
AFFIRMED and QUESTION CERTIFIED.
BERANEK and HURLEY, JJ., concur.

. Appellees’ brief.